UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANZIL PARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-0950 |
| ) | Judge Trauger |
| DOCTOR OSEQBUE, ET AL., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Lois M. DeBerry Special Needs Facility ("DeBerry"). He brings this action under 42 U.S.C. § 1983 against the following defendants: 1) Dr. f/n/u/ Oseqbue, M.D.; 2) Dr. f/n/u/ Campbell, M.D.; 3) Nurse f/n/u Riley; 4) Nurse f/n/u Macalone; 5) Nurse Wanda Stoney; 6) Nurse Bill l/n/u; 7) Nurse Sharon Blekely; 8) f/n/u Alexander, Health Administrator; 9) Correctional Medical Services; 10) Robert Waller, Warden at DeBerry; 11) Gayle Ray, former Acting Commissioner, Tennessee Department of Correction (TDOC); 12) Roland Colon, Deputy Commissioner, TDOC; 13) TDOC; 14) the State of Tennessee. The alleged events that gave rise to this action all transpired during the plaintiff's incarceration at DeBerry. The plaintiff seeks money damages only, alleging that the defendants violated his rights under the Eighth and Fourteenth Amendments.

The plaintiff asserts that he "suffered a 12 guage shotgun blast to the face, at point blank on January 24, 2002." (Complaint, ¶ 16, p. 5) According to the plaintiff, the Campbell County Sheriff's Department took him to the University of Tennessee Medical Center in Knoxville for treatment. (Complaint, ¶ 17, p. 5) The plaintiff avers that he was later taken to DeBerry where he was "placed on 'safekeeping' status . . . locked down 24 hours a day, seven days a week . . . ."[1]

---

[1] The plaintiff's unnecessary use of capitalization has been omitted for ease of reading.

(Complaint, ¶ 23, p. 6)  The plaintiff maintains that TDOC did not "have jurisdiction or . . . legal authority to assume custody" of him at that time.  (Complaint, ¶ 21, p. 6)  On November 5, 2003, after pleading guilty to unspecified charges, the plaintiff asserts that he then "be[ame] a ward" of TDOC.  (Complaint, ¶ 33, p. 8)

The plaintiff's claims are summarized as follows: 1) the defendants will not perform an estimated seven surgical procedures that he claims are required to improve his "quality of life" (Complaint, ¶¶ 24-25, 28-29, 32, 34, 38-41, pp. 7-10); 2) the defendants "implanted a metal plate inside [his] jawbone to hold up [his] chin and jaw" after the brace on his face broke (Complaint, ¶¶ 26-27, p. 7); 3) the plaintiff has suffered repeated infections in his nose, jaw, eyes and throat because the necessary surgical procedures were not performed (Complaint, ¶¶ 30-31, 34, 37, pp. 8-9); 4) the medical staff at DeBerry "prescribed 'excessive' antibiotics in an effort to bring down the swelling [from infection], '<u>TO</u> <u>NO</u> <u>AVAIL</u>'" (Complaint, ¶ 30, p. 8)(underline and capitals in the original); 5) the plaintiff was taken off his pain medication because the attending physician was concerned that he would lose his license to practice medicine if he continued to prescribe such medication (Complaint, ¶ 35, p. 9); 6) the plaintiff has lost over one hundred ten pounds since he has been incarcerated (Complaint, ¶ 36, p. 9); 7) the plaintiff is in constant pain because of inadequate medical care (Complaint, ¶ 37, p. 9); 8) the DeBerry medical staff has injured him by twice removing and replacing his tracheotomy tube rather than cleaning it (Complaint, ¶¶ 42-44, p. 10).

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to exhaust all available administrative remedies before filing a § 1983 action in district court.  *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 733 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998).  The exhaustion requirement of § 1997e(a) is "mandatory," and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the . . . remedy sought is not an available remedy in the administrative process."  *Wyatt v. Leonard*, 193

2

F.3d 876, 877-78 (6th Cir. 1999).

Before the district court may adjudicate any claim set forth in a prisoner's complaint, it must determine that the plaintiff has complied with this exhaustion requirement. *Brown*, 139 F.3d at 1004. Not only is a prisoner-plaintiff required to exhaust as to each defendant, *Burton v. Jones*, 321 F.3d 569 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), he must show that he has exhausted every claim presented in his complaint, *Bey v. Johnson and Trierweiler*, 407 f.3d 801, 806 (6th Cir. 2005)(adopting the total exhaustion rule). If a prisoner fails to show that he has exhausted his administrative remedies, his compliant is subject to *sua sponte* dismissal. *Brown*, 139 F.3d at 1004.

To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. *Thomas*, 337 F.3d at 733. A prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." *Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Neither may a prisoner abandon the process before completion and then claim that he exhausted his remedies, or that it is now futile for him to do so. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999)(*citing Wright*, 111 F.3d at 417 n. 3).

The prisoner has the burden of demonstrating that he has exhausted his administrative remedies. *Brown*, 139 F.3d at 1004. To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his complaint a copy of any decision demonstrating the administrative disposition of his claims. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Wyatt*, 193 F.2d at 878; *Brown*, 139 F.3d at 1104. However, where no documentation is provided, absent particularized averments regarding the nature of the administrative proceedings and

3

their outcome, the action must be dismissed under § 1997(e).  *Knuckles El*, 215 F.3d at 642.

The plaintiff has attached copies of two grievances to his complaint, one filed on December 11, 2004 and the other on January 1, 2005.  (Complaint, Attach. Griev. Nos., 00165473/8464 & 00166001/8483)  From the copies of the grievances, both pertaining to his tracheotomy tube not being properly maintained, it appears that the plaintiff twice pursued this claim through one complete round of the administrative review process.  However, nowhere in these grievances does the plaintiff address his other claims.  Moreover, the plaintiff only refers to one of the defendants – Nurse Wanda Stoney.  Because the attached copies of these grievances fail to establish that the plaintiff exhausted his administrative remedies as to all of his claims and all of the defendants, the court turns to the complaint itself.

In the body of the complaint, the plaintiff makes the following specific assertion with respect to the PLRA's exhaustion requirement:

> Plaintiff has filed the necessary grievances [attached] in an effort to address this problem, which was deemed 'inappropriate', and never addressed.  Appeal was taken to: the Warden of Deberry Special Needs Facility (Defendant Waller), the Acting Commissioner of the Tenn. Dept. of Corrections (Defendant Rhea), and to Deputy Commissioner (Defendant Colson), 'ALL' to NO AVAIL.

(Complaint, ¶ 52, p. 12)  Apart from this statement, the plaintiff does not plead with specificity, or otherwise, the nature and outcome of any grievances that he may have filed with respect to his other claims, or that he filed such grievances as to the remaining members of the DeBerry medical staff whom he names as defendants.  The plaintiff's non-specific reference to having filed the "necessary grievances" fails to satisfy his burden of persuasion with respect to the PLRA's exhaustion requirement.

As explained above, the plaintiff has failed to establish that he totally exhausted his

4

administrative remedies prior to bringing this action in district court. Because a "prisoner may not exhaust his administrative remedies during the pendency of the federal suit," *Freeman*, 196 F.3d at 645, and because a prisoner is "not entitled to amend his complaint . . . to plead exhaustion of administrative remedies" for the purpose of avoiding *sua sponte* dismissal, *Baxter v. Rose*, 305 F.3d 486, 490 (6th Cir. 2002)(relying on *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)), this action will be dismissed without prejudice for failure to exhaust.

An appropriate Order will be entered.

                                      Aleta A. Trauger
                                      United States District Judge